# THE LAW OFFICE OF
# ELISA HYMAN, P.C.

April 19, 2023

*VIA ECF*
Honorable John P. Cronan, U.S.D.J.
United States District Court - Southern District of New York
500 Pearl St.
New York, New York 10007

      Re:    *E.T., et al. v. N.Y.C. Dep't of Educ., et al.*, 22-cv-9578 (JPC)

Dear Judge Cronan:

      I represent the Plaintiffs in the above-referenced case and write jointly with counsel for the Defendants. We are submitting this joint letter pursuant to Your Honor's Order dated March 20, 2023, and to respectfully request an extension of time to submit a proposed Case Management Plan ("CMP") and to request an adjournment of the initial conference currently scheduled for April 26, 2023. ECF No. 19.

## 1. Overview of the Claims

      This action is brought by Plaintiff E.T., individually and on behalf of her son, S.M., a former special education student with a learning disability and attention deficit hyperactivity disorder. The complaint alleges, *inter alia*, that the New York City Department of Education ("DOE"), Chancellor David Banks and the New York City Board of Education ("BOE") (collectively "Defendants" or "DOE") failed to implement an order of an administrative hearing officer under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *eq seq*. Additionally, this action raises systemic claims and brings claims pursuant to the Due Process Clause of the 14th Amendment of the U.S. Constitution, 42 U.S.C. §1983, Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504"), the New York State Constitution, and New York State Education Law. Finally, Plaintiffs seek their attorneys' fees for the underlying administrative action, as well as the instant federal case.

      Defendants filed their Answer to the Complaint on March 16, 2023. ECF No. 18. Defendants in this action are very interested in moving forward with settlement negotiations of Plaintiffs' individual claims. In order to do so, Defendants look forward to receiving a settlement demand from Plaintiff and, afterwards, Defense counsel will further coordinate with their client, the DOE, and are hopeful of resolving this matter without discovery.

## 2. Jurisdiction and Venue

      Plaintiffs submit that this Court has federal jurisdiction, as Plaintiffs raise federal claims under the IDEA, Section 504 of the Rehabilitation Act, and Section 1983. Plaintiffs further submit

1115 BROADWAY, 12TH FL.        42 WEST 24TH STREET, 2ND FLOOR
NEW YORK, NY 10010        NEW YORK, NY 10010
WWW.SPECIALEDLAWYER.COM

that venue is proper in the Southern District of New York, as it is the judicial district in which Defendants are situated. Defendants do not contest jurisdiction or venue.

### 3. Motions

Currently, there are no outstanding motions. The parties may seek leave to file summary judgment motions after discovery.

### 4. Discovery

The parties respectfully request an extension of time to submit a proposed CMP as the parties agree that a formal discovery schedule is not needed at this time. To evaluate the case for settlement, Plaintiffs requested certain information from Defendants, which the DOE recently provided, without a formal discovery request. As discussed below, the parties are interested in exploring settlement and are optimistic that a resolution could be reached before engaging in formal discovery.

### 5. Settlement

The parties have engaged in early settlement discussions in the hopes of being able to resolve the claims and issues without formal discovery and subsequent motion practice. As noted above, Defendants recently provided Plaintiffs with information that will aid in crafting a formal settlement demand, which Plaintiffs intend to provide to Defendants shortly. Defendants will then need time to review, respond and make an offer.[1] The parties have successfully resolved numerous similar actions via settlement. If full settlement is not possible, settlement of some of the claims could narrow the issues to be litigated.

### 6. Estimated Length of Trial

At this juncture, the parties' best estimate of the length of any trial is 2-3 days.

### 7. Other Information

The parties respectfully request that the submission of a CMP and the conference scheduled for April 26, 2023 be adjourned for sixty (60) days while the parties engage in settlement negotiations. The parties propose submitting a status report no later than June 19, 2023, updating the Court with our progress towards settlement. This is the parties' first request for an extension of time to submit a proposed case management plan and an adjournment of the initial conference.

---

[1] If the parties are able to reach agreement on Plaintiffs' compensatory services claims, Plaintiffs will then provide Defendants with her billing records for the underlying administrative action and this federal action.

Thank you for Your Honor's consideration of this request.

                    Respectfully Submitted,
                    THE LAW OFFICE OF ELISA HYMAN, P.C.

By: *Erin O'Connor*

                    Erin O'Connor, Esq., Of Counsel
                  *Counsel for Plaintiffs*

cc: Counsel of Record via ECF
Marilyn Richter
Assistant Corporation Counsel
*Attorney for Defendants*

The request is granted. The Initial Pretrial Conference currently scheduled for April 26, 2023 is adjourned *sine die*, and the parties' deadline to submit a proposed Civil Case Management Plan and Scheduling Order is extended *sine die*. The parties shall submit a further status letter by June 19, 2023.

SO ORDERED
Date: April 20, 2023
New York, New York

                    JOHN P. CRONAN
                    United States District Judge